**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| PARKERVISION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MEDIATEK INC. and<br>MEDIATEK USA INC.,<br>Defendants. | Case No. 6:22-cv-01163-ADA<br><br>**JURY TRIAL DEMANDED** |

**PARKERVISION'S OPPOSED MOTION TO ACCEPT DOCKET NOS. 326, 327 AND 328 AS FILED OR, ALTERNATIVELY, FOR LEAVE TO FILE DOCKET NOS. 326, 327, AND 328**

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 5

- A. ParkerVision's filing does not prejudice MediaTek. ..... 5
- B. The length of delay is minimal and does not impact the proceeding ..... 5
- C. Reasons for the delay were excusable. ..... 5
- D. ParkerVision acted in good faith ..... 7

V. CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*U.S. Bank Trust N.A. v. Walden*,
124 F.4th 314 (5th Cir. 2024) ....................4, 5

**Other Authorities**

Federal Rule of Civil Procedure 6(b)(1)(B) ....................1, 2, 4

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), Plaintiff ParkerVision, Inc. ("ParkerVision") respectfully submits this Motion to Accept Docket Nos. ("Dkt.") 326, 327 and 328 as filed or, alternatively, for Leave to File Dkts. 326, 327, and 328. The parties' counsel conferred and defendants MediaTek Inc. and MediaTek USA Inc. ("MediaTek") oppose this motion.

## I. INTRODUCTION

ParkerVision made an inadvertent mistake in the timing of *re*-filing its *previously-filed Daubert* and summary-judgment motions. Upon learning of its mistake, which arose from ParkerVision's understanding of the Court's April 24, 2026 Amended Scheduling Order regarding the identification of moot motions (Dkt. 300 at 1, n.1) and its May 14, 2026 Text Orders terminating those motions, ParkerVision timely sought to correct it.

*Daubert* and summary-judgment motions were filed in *February 2026* and *fully briefed by March*. Days prior to trial, however, the Court held a hearing and determined that ParkerVision's damages report had issues that needed to be addressed. Thus, the Court cancelled trial, allowed for a new round of supplemental expert reports, and an amended scheduling order was entered.

As discussed below, due to an inadvertent mistake, ParkerVision did not *re-file* its *Daubert* and summary-judgment motions. ParkerVision mistakenly believed those motions were still pending before the Court and did not appreciate that they needed to be re-filed on August 24, 2026. Instead, ParkerVision believed that the August 24 deadline was only for *new* motions related to the supplemental expert reports.

Shortly after learning of its mistake, on September 3, 2026, ParkerVision filed Dkt. 326 (*Daubert* Motion to Exclude the Expert Testimony of Dr. Vivek Subramanian), Dkt. 327 (*Daubert* Motion to Exclude Expert Testimony of Ms. Lauren R. Kindler), and Dkt. 328 (Motion

for Partial Summary Judgment Regarding Validity). Those motions are the *same* motions that ParkerVision filed *over six months* earlier (and to which MediaTek already responded).[1]

There is currently no trial date, no presiding judge, and the parties are working on amending the schedule to allow more time to respond to pending motions (which would include Dkts. 326, 327, and 328 if accepted). Thus, to avoid a dispute over MediaTek's objection to ParkerVision's re-filed motions, ParkerVision reached out to MediaTek to determine if MediaTek opposed a motion for leave to file Dkts. 326, 327, and 328. On September 4, 2026, the parties met and conferred. Though MediaTek has had ParkerVision's motions for months (and has already filed oppositions to those motions), ParkerVision offered to give MediaTek the additional time that MediaTek believed it lost for its responses. Unwilling to compromise, MediaTek stated that if ParkerVision's motions were not withdrawn, it would oppose any motion for leave. And MediaTek would not say whether ParkerVision's motion for leave would be unopposed if Dkts. 326, 327, and 328 were first withdrawn. Notably, MediaTek was unable to articulate any prejudice by ParkerVision's *re-filing* its prior motions. There is none. ParkerVision's delayed filing was due to excusable neglect, and it does not prejudice MediaTek nor impact the proceedings. And ParkerVision acted in good faith to rectify its inadvertent error in re-filing its previously-filed *Daubert* and summary-judgment motions. Accordingly, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court should grant this Motion and accept Dkts. 326, 327, and 328 as filed or, in the alternative, grant ParkerVision leave to file Dkts. 326, 327 and 328.

## II. FACTUAL BACKGROUND

On March 17, 2026, the Court canceled trial. The Court permitted the parties to serve

[1] *See* Dkts. 231, 233, and 235; *see also* Dkts. 283, 286, and 287.

supplemental expert reports and file another round of *Daubert* and summary-judgment motions.

On April 24, 2026, the Court entered an Amended Scheduling Order to memorialize supplemental expert reports deadlines and new briefing schedules for *Daubert* and summary judgment. Dkt. 300. The Amended Scheduling Order stated "[t]he parties should identify moot motions when able." Dkt. 300 at 1, n.1. Neither ParkerVision nor MediaTek identified moot motions. On May 14, 2026, the Court entered a number of *sua sponte* Text Orders terminating Dkts. 229, 230, 253, 249, 231, 233, and 235. The terminated motions included MediaTek's *Daubert* and summary-judgment motions, MediaTek's motions *in limine*, ParkerVision's motions *in limine*, ParkerVision's *Daubert* motion of Ms. Kindler, ParkerVision's *Daubert* motion of Dr. Subramanian, and ParkerVision's motion for partial summary judgment.

On May 19, 2026, the Court entered a new Scheduling Order with an August 24, 2026 deadline for *Daubert* and summary-judgment motions. Dkt. 302. ParkerVision was proceeding as if the previously-filed motions were *sub judice* and remained pending with the Court, and only *Daubert* and summary-judgment motions directed to *new* issues arising from the supplemental expert reports were permitted. On August 24, 2026, ParkerVision filed a *Daubert* motion related to the supplemental expert reports. Subsequently, Judge Albright (the presiding Judge) stepped down from the bench.

On September 1, 2026 (during communications with MediaTek's counsel about amending case deadlines), ParkerVision first realized that Court's Text Orders terminating the parties' prior motions required ParkerVision to *re-file* its February 2026 *Daubert* and summary-judgment motions. Thus, on September 3, 2026, ParkerVision re-filed the *same exact* version of its prior *Daubert* and summary-judgment motions, with only the signature date and service date being updated. *Compare* Dkts. 326, 327, and 328 to Dkts. 231, 233, and 235. ParkerVision's

counsel then informed MediaTek of the situation, indicated that it would be filing a motion for leave, and asked MediaTek whether it opposed the motion for leave.

On September 4, 2026, the parties met and conferred. ParkerVision informed MediaTek that Dkts. 326, 327, and 328 were exactly the *same* as the motions already filed in February 2026 and fully briefed by March 2026. And ParkerVision offered to extend the briefing schedule for oppositions and replies to accommodate any delay in ParkerVision's filing. Notably, the parties were already discussing extending deadlines for *Daubert* and summary-judgment motions when ParkerVision discovered its mistake. MediaTek stated it opposes ParkerVision's motion for leave unless ParkerVision first withdraws Dkts. 326, 327, and 328. MediaTek said that ParkerVision should have filed a motion for leave before or contemporaneously with the re-filing of its *Daubert* and summary-judgment motions. But as mentioned above, ParkerVision had believed the motions were already pending and were not moot, despite the Court's May 14 *sua sponte* Text Orders and so it could simply re-file its previously-filed motions once it realized its inadvertent mistake. ParkerVision's counsel, however, was agreeable to working with MediaTek's counsel to rectify the situation and said that it would agree to withdraw the motions and file a motion for leave if MediaTek did not oppose the motion for leave. MediaTek's counsel, however, would not even say whether a motion for leave would be unopposed until Dkts. 326, 327, and 328 were first withdrawn.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "the court may, for good cause, extend the time [for filing motion papers] . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In assessing whether a party failed to act because of excusable neglect, a court weighs the following factors: (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact

on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and, (4) "whether the movant acted in good faith." *U.S. Bank Trust N.A. v. Walden*, 124 F.4th 314, 321 (5th Cir. 2024).

## IV. ARGUMENT

As discussed below, the factors for assessing excusable neglect weigh in favor of granting ParkerVision's motion and accepting Dkts. 326, 327, and 328 for filing.

### A. ParkerVision's filing does not prejudice MediaTek.

ParkerVision's delay in *re-filing* its previously-filed *Daubert* and summary-judgment motions does not prejudice MediaTek in any way. First, ParkerVision's motions filed at Docket Nos. 326, 327, and 328 are the *exact same* as the *Daubert* and summary-judgment motions ParkerVision filed *over six months* ago. *See* Dkts. 231, 233, and 235. ParkerVision only updated the signature and service date. Further, MediaTek has already filed substantive oppositions to these motions. *See* Dkts. 247, 248, and 250. Second, ParkerVision offered (and still is offering) to adjust the briefing schedule to accommodate for any delay. Thus, if MediaTek chooses, it can expand on or revise its arguments in opposition to ParkerVision's motions. Finally, the delay does not prejudice MediaTek's ability to prepare for trial. This case does not have a trial date set, nor does it have a presiding judge. Without a trial scheduled, MediaTek has more than enough time to respond to motions it already briefed over six months ago. There is simply no prejudice.

### B. The length of delay is minimal and does not impact the proceeding.

There was a ten-day delay in ParkerVision re-filing the same briefs it filed months ago. The parties are working on a new schedule for oppositions and replies, and there is currently no trial date scheduled or presiding judge. The delay does not impact the proceeding at all.

### C. Reasons for the delay were excusable.

ParkerVision had no intention of abandoning its previously-filed *Daubert* and summary-

judgment motions. Those motions are not moot. Further, there is objective evidence of ParkerVision's belief that the August 24, 2026 deadline only pertained to motions related to supplemental expert reports. The only motion ParkerVision filed on August 24, 2026 was a *Daubert* motion directed to Dr. Subramanian's (MediaTek's expert) supplemental expert report. That ParkerVision did not re-file its previously-filed *Daubert* and summary-judgment motions on that same day was excusable neglect. As mentioned above, ParkerVision did not appreciate the import of the Court's May 14, 2026, *sua sponte* Text Orders terminating the parties' *Daubert* and summary-judgment motions and motions *in limine*, but instead believed that those previously-filed motions were *sub judice* and remained pending with the Court and only *Daubert* and summary-judgment motions directed to *new* issues arising from the supplemental expert reports were permitted in accordance with the Court's Amended Scheduling Order. Dkt. 300 at 1, n.1. That was an inadvertent error; ParkerVision is not trying to gain any advantage here. It is simply trying to ensure its previously-filed (and fully-briefed) *Daubert* and summary-judgment motions remain pending before the Court.

Indeed, MediaTek itself was left confused as to the effect of the Court's May 14, 2026 Text Orders. Despite the May 14 Orders terminating the parties' motions *in limine*, on May 19, 2026 the parties agreed to (and the Court entered) a new scheduling order that did not provide for filing opening motions *in limine* or oppositions. The scheduling order only covered *replies* to motions *in limine* (which was the only thing left to brief when trial was cancelled). Dkt. 302, 2. This demonstrates the parties' belief that motions *in limine* themselves were not terminated (even though they apparently were). Further, as recently as September 2026, the parties were only discussing a schedule for motions *in limine* <u>*replies*</u>, not opening briefs. Thus, any argument by MediaTek that the May 14, 2026 Text Orders were clear should carry no weight as its own

conduct demonstrates that MediaTek believed the motions *in limine* were still pending.

**D. ParkerVision acted in good faith.**

ParkerVision is not attempting to raise any new issues in its *Daubert* and summary-judgment motions that are different from what it already briefed over six months ago. Indeed, ParkerVision's delay in re-filing its *Daubert* and summary-judgment motions is not the result of bad faith. It is simply due to an inadvertent mistake. Upon learning of its mistake, ParkerVision immediately rectified it and tried to work with MediaTek to resolve the issue. Despite no prejudice, MediaTek had no interest in an amicable resolution.

## V. CONCLUSION

For the foregoing reasons, the Court should grant ParkerVision's motion.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Jason S. Charkow*

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@daignaultiyer.com
**DAIGNAULT IYER LLP**
111 Congress Avenue, Suite 500
Austin, Texas 78701
Tel/Fax: (512) 865-7950

Ronald M. Daignault* (*pro hac vice*)
Jason S. Charkow* (*pro hac vice*)
Scott R. Samay* (*pro hac vice*)
Stephanie Mandir (*pro hac vice*)
Richard Juang* (*pro hac vice*)
Lisa Phillips* (*pro hac vice)*
Matthew R. Harkins* (*pro hac vice*)
Taylor G. Lepore* (*pro hac vice*)
Anderson To* (*pro hac vice*)
rdaignault@daignaultiyer.com
jcharkow@daignaultiyer.com
ssamay@daignaultiyer.com
smandir@daignaultiyer.com
rjuang@daignaultiyer.com
lphillips@daignaultiyer.com

mharkins@daignaultiyer.com
tlepore@daignaultiyer.com
ato@daignaultiyer.com
**DAIGNAULT IYER LLP**
8229 Boone Boulevard, Suite 450
Vienna, VA 22182
**Not admitted in Virginia*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on counsel of record for Defendants via electronic mail on September 8, 2026.

*/s/ Jason S. Charkow*
Jason S. Charkow